IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL IMGARTEN                    :
    Plaintiff/Counter-Defendant         :
                                :
           v.                               :          CIVIL NO. L-00-3178
                                :
BELLBOY CORPORATION, et al.         :
    Defendants/Counter-Plaintiffs       :

**MEMORANDUM**

Pending is Bellboy Corporation and Bellboy Import Corporation's (collectively "Bellboy") Motion for New Trial, or in the Alternative, to Alter or Amend Judgment. For the following reasons, the Court will, by separate Order, DENY Bellboy's motion.

**I.      Introduction**

This case centers on acrimonious charges and counter-charges exchanged between Michael Imgarten ("Imgarten") and his former employer, Bellboy. Imgarten sued first for unpaid profit-sharing bonuses. Bellboy counter-sued, alleging a host of business torts. The litigation was roiled by a series of strident discovery disputes that required repeated hearings to resolve. Although the case was filed on October 24, 2000, it did not reach the summary judgment stage until the winter of 2004.

In a thirty-five page Memorandum and Order, the Court, on March 30, 2004, dismissed most of the claims Bellboy asserted in its extensive ten-count Amended Counterclaim. The case went to trial on Imgarten's wage payment claim and Bellboy's surviving counterclaims.

The trial lasted for fifteen days beginning on October 4, 2004. Before submitting the case to the jury, the Court dismissed all of the remaining counterclaims but one, a conversion claim, which charged that Imgarten had improperly deposited into his personal account checks

from Fuddruckers payable to Bellboy.  On October 27, 2004, the jury awarded Imgarten

$808,927 as unpaid wages and exemplary damages of $233,244, for a total of $1,042,171.  The

jury found in favor of Bellboy on its conversion counterclaim, which the parties had stipulated

was worth $40,704.79.

Following trial, the parties renewed their motions for judgment as a matter of law (made

during trial), and filed cross-motions for costs and pre-judgment interest.  Imgarten also filed a

motion for attorneys' fees.  In resolving these motions, the Court was required to review in depth

the entire course of the litigation.  The parties filed more than 500 pages of briefs and exhibits,

and the Court held an in-court hearing.  On August 16, 2005, the Court issued a forty-five page

opinion deciding all open issues.[1]  On September 8, 2005, the Court entered judgment in favor of

Imgarten in the amount of $1,776,180.66 and entered judgment in favor of Bellboy in the amount

of $54,773.64.

On September 21, 2005, Bellboy filed a Motion for New Trial, or in the Alternative, to

Alter or Amend Judgment.  The parties fully briefed the issues, and on November 2, 2005, the

Court held a hearing on the motion.

With one exception, Bellboy's motion raises (for a second or even a third time)

arguments that the Court has already painstakingly analyzed and rejected.[2]  In rejecting these

---

[1] The Court denied the parties' motions for judgment as a matter of law, awarded
pre-judgment interest to both parties, granted Imgarten's motion for fees and costs, and
denied Bellboy's motion for costs.

[2] In response to Bellboy's motion, Imgarten prepared a chart listing the Court's
prior rulings regarding Bellboy's arguments.  (Docket No. 240, Ex. 1.)

arguments yet again, the Court refers to its March 30, 2004 summary judgment opinion and August 16, 2005 post-trial opinion.

The only new argument that Bellboy raises concerns evidence that Bellboy discovered almost a year after the end of trial.  Bellboy claims that in August 2005, it learned of a commission arrangement between Bellboy and a former vendor, Pocahontas Foods ("Pocahontas").  Pursuant to the arrangement, which was in place during Imgarten's tenure with Bellboy, Pocahontas wrote two commission checks to Bellboy and mailed them to Bellboy's address.  Bellboy has no record of having received the checks, which totaled $3,019.65.  Bellboy speculates that Imgarten must have intercepted the checks and deposited them into his personal account, as he had done with the Fuddruckers checks.  Although Pocahontas's successor is searching for the canceled checks, it had not located them as of the November 2nd motion hearing.

Bellboy contends that this evidence is sufficiently important to warrant a new trial. Evidence of an additional conversion of checks might be enough to tip the scales in Bellboy's favor, causing the jury to reject Imgarten's claim in toto, Bellboy argues.  For the reasons discussed below, the Court disagrees.

II.      Standard of Review

Under the Federal Rules of Civil Procedure, the Court may grant a new trial " to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  Fed. R. Civ. P. 59(a).  In the Fourth Circuit, a party moving for a new trial based on newly-discovered evidence must demonstrate:

(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried.

Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989).

## III.   Analysis

Bellboy cannot satisfy any of the Boryan factors.  Bellboy posits that the new evidence would further undermine Imgarten's credibility, perhaps to the point of collapse.  Thus, the new evidence is merely impeaching.  It is also merely cumulative because Bellboy presented evidence of other alleged check conversions at trial.  The new evidence was discovered a month before judgment was entered, not after.[3]  The evidence is neither material nor important.  Imgarten denies converting the checks, and Bellboy has no solid proof that he did.[4]  Finally, it stretches the laws of probability to posit that this weak, circumstantial evidence would produce a different verdict if the case were retried.

---

[3]  Bellboy did not act with due diligence to discover the new evidence.  Bellboy is unable to point to any systematic discovery regarding vendor checks that Imgarten may have pocketed.

[4]  Unless Bellboy were to find more supporting evidence, the Court would not permit the Pocahontas claim to be presented to the jury.

**IV.     Conclusion**

For the foregoing reasons, the Court DENIES Bellboy's Motion for New Trial, or in the

Alternative, to Alter or Amend Judgment.


Dated this 23rd day of November, 2005.


_____/s/_____
Benson Everett Legg
Chief Judge